# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10397
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SCOTT ALLEN YRDANOFF,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-193-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Scott Allen Yrdanoff appeals the 324-month, within-Guidelines sentence imposed following his guilty-plea conviction for conspiring to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). He claims the district court: erred in calculating the quantity of drugs attributable to him; and rendered an unreasonable sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10397

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For the claimed procedural error, a district court's drug-quantity calculation is a finding of fact reviewed, as noted, only for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A presentence investigation report (PSR) "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations", and defendant bears the burden of showing the information contained in the PSR is "materially untrue, inaccurate or unreliable". *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (internal quotation marks and citations omitted).

Although Yrdanoff challenges the credibility of his sister's statements to interviewing agents, which were used to calculate the drug quantity, "[c]redibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact". *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted). In making this claim, he improperly relies upon a letter that is *not* in the record. In any event, he fails to cite any evidence rebutting the PSR's drug-quantity calculation. *See*

*Nava*, 624 F.3d at 231.  In short, he fails to show clear error.  *See Betancourt*, 422 F.3d at 246.

The reasonableness of a sentence is reviewed, as noted, for abuse of discretion; in addition, a sentence within the Guidelines range is presumed to be substantively reasonable.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  But, because Yrdanoff did not object to the reasonableness of the sentence in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Yrdanoff must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Although Yrdanoff asserts the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors and improperly presumed the reasonableness of a within-Guidelines sentence, the record belies his contentions; he fails to show the requisite clear or obvious error.  *See Mondragon-Santiago*, 564 F.3d at 361.

AFFIRMED.